**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AYOUBA CAMARA,<br><br>                              Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden,<br><br>                              Respondent. | Case No.:  26-cv-2782-RSH-MSB<br><br>**ORDER DENYING PETITION**<br><br>[ECF No. 3] |

On April 30, 2026, petitioner Ayouba Camara filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner challenges his detention as unconstitutionally prolonged. ECF No. 1 at 4, 6. On May 14, 2026, Respondents filed a return. ECF No. 6.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The record reflects that Petitioner, a citizen of Guinea, was arrested on December 20, 2024 by Border Patrol approximately 20 miles west of the Calexico, California Port of

26-cv-2782-RSH-MSB

Entry. ECF No. 6-1 at 5. Petitioner was thereafter placed in removal proceedings, and on November 15, 2025, an immigration judge ordered Petitioner removed to Guinea. ECF No. 6-1 at 16-19. Petitioner appealed. On May 4, 2026, the Board of Immigration Appeals ("BIA") dismissed the appeal. *Id.* at 22-25. Petitioner's order of removal thereby became administratively final as of that date. *See* 8 C.F.R. § 1241.1(a). He is currently within the 90-day "removal period" following the date his order of removal became administratively final, and as such he is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2)(B).

Petitioner has not established that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DENIED**. In light of Petitioner's mandatory detention, his motion to appoint counsel [ECF No. 3] is likewise **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: May 22, 2026

_____
Hon. Robert S. Huie
United States District Judge